UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-05726-MEMF-JPR                                      Date: July 7, 2025

Title  *Major Ray Sowell v. Rob Bonta et al*

Present: The Honorable:  Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 24, 2025, Plaintiff Major Ray Sowell ("Sowell") filed suit against Defendants Rob Bonta and Lesly (collectively, "Defendants"). ECF No. 1 ("Complaint" or "Compl."). Sowell alleges that his constitutional rights were violated when he was erroneously declared a vexatious litigant by a Judge of the Orange County Superior Court. Compl. at 1.

Prior to the instant action, Sowell filed another suit in this District. *See Major Ray Sowell v. State Of California et al*, Case No. 2:25-cv-04038-SSS-GJS ("Prior Action"). The Prior Action was terminated upon the denial of Sowell's Request for Proceed *in forma pauperis*. *See* Prior Action, ECF Nos. 3 ("IFP Request"), 5 ("IFP Order"). In the IFP Order, the court found that it lacked subject matter jurisdiction under the Eleventh Amendment and the Rooker-Feldman doctrine. *See id.* at 2.

Federal courts are courts of limited jurisdiction and, as such, "have an independent obligation to determine whether subject matter jurisdiction exists." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Lack of subject matter jurisdiction may be raised *sua sponte* by the district court at any point in the litigation. FED. R. CIV. P. 12(h)(3); *see also Ruhrgas*, 526 U.S. at 583. If the court determines that it lacks subject matter jurisdiction, the case must be dismissed. FED. R. CIV. P. 12(h)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-05726-MEMF-JPR                                        Date: July 7, 2025

Title   *Major Ray Sowell v. Rob Bonta et al*

It appears that this Court may not have subject matter jurisdiction over this case. First, the Court may lack jurisdiction to hear claims against these state Defendants in their official capacities because they are immune from suit under the Eleventh Amendment. *See Allen v. Cooper*, 589 U.S. 248, 254 (2020) ("In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State."); *Confederated Tribes & bands of Yakama Indian Nation v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999) (claim for damages against Governor is barred by Eleventh Amendment); *see also Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 981 (9th Cir. 2024) ("Eleventh Amendment immunity is a threshold jurisdictional issue, and we have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity."). Although Sowell alleges that Defendants are sued in their individual capacities, the Complaint does not contain any allegations as to what Defendants, as *individuals*, did that caused harm to Sowell. *See generally* Compl. Rather, the Complaint alleges that Bonta is the "governor for the state of California," Compl. at 16, and that Lesly is "another employee," *id*. at 1.[1] Based on these allegations, it appears to the Court that Sowell has sued Defendants in their capacity as governmental officials.

Second, even if the Eleventh Amendment was not a bar, the Court may still lack jurisdiction to hear this suit. The Rooker-Feldman doctrine bars federal court review of the gravamen of this suit, which is the alleged error in the state court's vexatious litigant order. "The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). In particular, "the Rooker-Feldman doctrine bar[s] [Sowell's] action to the extent that he challenge[s] the vexatious litigant order and any other state court orders and judgments, because the action is a 'forbidden de facto appeal' of state court judgments, and raises constitutional claims that are 'inextricably intertwined' with those prior state court judgments." *Bashkin v. Hickman*, 411 F. App'x 998, 999 (9th Cir. 2011); *see also Earls v. Greenwood*, 816 F. App'x 155, 155–56 (9th Cir. 2020) (same).

Finally, given these apparent deficiencies, leave to amend may not be warranted. Sowell might not overcome the bar of the Rooker-Feldman doctrine through amendment. *See Cooper*, 704 F.3d at 785 (amendment of claim barred by Rooker-Feldman would be futile).

---

[1] The Court notes that Bonta is the Attorney General of the State of California, not the Governor thereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-05726-MEMF-JPR                                              Date: July 7, 2025

Title   *Major Ray Sowell v. Rob Bonta et al*

Accordingly, the Court hereby **ORDERS** Sowell to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The Court **ORDERS** as follows:

1. Sowell must file a written response to this Order no later than fourteen (14) days from the date of this order;
2. Defendants shall file its response to Sowell's filing, if any, no later than seven (7) days from the filing of Sowell's response;
3. Neither response may exceed seven (7) pages; and
4. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court dismissing this action.

**IT IS SO ORDERED.**

|                          | :   |
|--------------------------|-----|
| **Initials of Preparer** | DBE |